## MASSETH v. JOHNSTON et al.

### (Circuit Court, W. D. Pennsylvania. January 15, 1894.)

### No. 8, Nov. Term, 1892.

**1. PATENTS—INFRINGEMENT SUITS—DEFENSES.**

The use of an infringing device is not justified by the fact that defendant had previously attempted to use one made under complainant's patent, which proved to be useless.

**2. SAME—ABANDONMENT.**

The failure of a patentee, for some years, to manufacture his device, does not defeat the rights vested in him by the patent.

**3. SAME—ACTIONS—WITNESSES—CONSTITUTIONAL LAW.**

The vendor of an infringing device, who is not a party to the suit, may be compelled to testify to the purchase and use thereof by defendant, without violating the constitutional provision that no witness shall be compelled to testify against himself in any criminal case; for Rev. St. §§ 4919, 4921, do not subject an infringer to penalties or forfeitures, but merely authorize the court in its discretion, and "according to the circumstances of the case," to impose additional damages.

In Equity. Suit by Benjamin Masseth against Johnston Bros. & Stanfield for infringement of a patent. Decree for complainant.

W. Bakewell & Sons, for complainant.
T. C. Campbell, for defendants.

BUFFINGTON, District Judge. This is a bill in equity for an accounting for alleged infringement of letters patent No. 167,400, for improvement in packers for shutting off water from oil and gas wells, granted April 21, 1875, to James P. Gordon, and assigned to complainant, Benjamin Masseth. The answer admits the use at the time of filing, and for two years previous thereto, by the respondents, of what is known as the "Palm Device," but denies infringement thereby, and further denies the patentability of Gordon's device. Since answer filed, this court has sustained the Gordon patent, (Masseth v. Palm, [No. 16, May term, 1891,] 51 Fed. 824,) and has held the Palm device, which the answer, by specific reference to the said suit, describes as the one respondents use, to infringe the Gordon patent; so that these defenses, however available when the answer was filed, cannot now avail.

The respondents further allege that they had complainant put in for them one of his packers, constructed under the Gordon patent; that it failed to shut off the water, and was useless, and they afterwards procured the Palm packer. We cannot see how this affords any defense to the present bill. The failure of the Gordon packer did not justify the respondents in replacing it with an infringing one, nor can the alleged failure of Gordon, for some years, to manufacture his device, avail to defeat his or his assignee's rights vested in them by the grant of the patent. Campbell Printing-Press & Manuf'g Co. v. Manhattan Ry. Co., 49 Fed. 930. But it is alleged the only evidence of infringement is that of Palm, the vendor of the infringing device, which was taken under protest, and subject to the opinion of the court as to competency. It is contended that

Palm cannot·be compelled to give evidence on behalf of complainant, because thereby he may subject himself to penalties and forfeitures hereafter in an accounting with the present complainant. In Roberts v. Walley, 14 Fed. 167, the right of the complainant to call a respondent seems to have been assumed, the contention being simply to restrict such examination within proper limits. Assuming, for present purposes, that infringement is not admitted by the answer, we see no reason why Palm was not competent to prove the purchase and use, by the respondents, of the infringing device. He is not a party to the present bill, and we do not regard Rev. St. §§ 4919, 4921, as subjecting him hereafter to penalties and forfeitures. They do not vest a right in a complainant to recover any penalty or forfeiture; they simply empower the court, in its discretion, and "according to the circumstances of the case," to impose additional damages against an infringer. See Untermeyer v. Freund, 58 Fed. 210. The calling of Palm to testify was a violation neither in letter nor spirit of the constitutional provision (see amendment 5) that "no person * * * shall be compelled in any criminal case to be a witness against himself."

We are of opinion the complainant is entitled to a decree.