### F. SPEIDEL CO. v. N. BARSTOW CO.

(District Court, D. Rhode Island. April 18, 1916.)

No. 60.

1. PATENTS ⬤═➡292 — INFRINGEMENT — INTERROGATORIES — FACTS SUPPORTING CASE.

Equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) is not intended to change the substantive rules of equity as to discovery, but merely to alter procedure, and the interrogatories authorized thereunder are such only as tend to establish complainant's case.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ⬤═➡292.]

2. PATENTS ⬤═➡292—INFRINGEMENT—INTERROGATORIES—"PENALTY."

A suit for infringement, in which treble damages are asked, is essentially one for a "penalty," and complainant is not entitled to propound interrogatories which relate to the defense.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ⬤═➡292.

For other definitions, see Words and Phrases, First and Second Series, Penalty.]

---

⬤═➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the F. Speidel Company against the N. Barstow Company. On motion by defendant to strike out interrogatories. Sustained.

Arthur P. Sumner, of Providence, R. I., for plaintiff.

Browne & Woodworth and Alex. P. Browne, both of Boston, Mass., for defendant.

BROWN, District Judge. The bill in equity charged infringement of letters patent No. 890,896, June 16, 1908, to Max Fessler, for process of soldering chain links. It prays for an injunction and accounting, and also prays specifically that the court may increase the damages to a sum not exceeding three times the amount thereof.

[1] The plaintiff has filed interrogatories, the substance of the principal interrogatories being: First, an inquiry whether the defendant has practiced the process of the patent in suit; and, second, an inquiry what were the steps of the process practiced by A. H. Bliss & Co., alleged in the answer to be a prior user, and when and where such process was practiced, and by what persons, together with their names and present addresses.

In support of the application the plaintiff cites P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634; Luten v. Camp (D. C.) 221 Fed. 424; Blast Furnace Appliance Co. v. Worth Bros. Co. (D. C.) 221 Fed. 430.

In cases cited it is said that equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) adopts the English practice of order XXXI, "Discovery and Inspection," of the Rules of the Supreme Court of 1883. Referring to the Yearly Practice for 1912, by Mackenzie and Chitty, vol. 1, p. 370, it appears that the provision for interrogatories was not intended to give any right to discovery that did not exist before, or take away any previously existing right to protection on any ground of privilege, and that the principles previously existing in the Court of Chancery are now binding in the English courts. It also seems that the purpose was to enable a party to establish his case rather than to seek information as to the evidence or witnesses of the other party.

[2] The question of the right to propose interrogatories in an action to subject a party to a forfeiture or to penalties is considered on pages 379, 380, 393, of the Yearly Practice above cited.

In Jones v. Jones, 22 Q. B. D. 425 (1889), a claim for treble damages under a statute was held a penal action. Lord Coleridge observing:

" 'Treble damages' cannot possibly be compensation to the person grieved, and are plainly inflicted on the offender as a punishment. In other words, they are a penalty."

It was held that the plaintiff was not entitled to an affidavit of documents, and the principle was applied that the liability of a defendant to file such affidavit depends upon whether the action in which the application is made is or is not a penal action.

In Hobbs & Co. v. Hudson et al., 25 Q. B. D. 232 (1890), an appeal case before Lord Esher, M. R., and Lindley and Lopes, L. JJ., it was held that an action brought under a statute for double the value of

goods fraudulently removed by a tenant is a penal action, and that the plaintiff is not entitled to administer interrogatories to the defendant. The case of Jones v. Jones, supra, was expressly approved.

As was said in Boyd v. United States, 116 U. S. 631, 6 Sup. Ct. 533, 29 L. Ed. 746:

> "Now it is elementary knowledge that one cardinal rule of the Court of Chancery is never to decree a discovery which might tend to convict the party of a crime, or to forfeit his property."

The imposition of threefold damages is, in substance, punitive, and I am of the opinion that, at least without an express waiver of any claim for such damages, a plaintiff cannot compel a defendant to give information which might amount to a confession of infringement, and thus expose him to a liability not to make compensation alone, but to pay exemplary damages, provided by statute as a punishment for willful infringement. This is, in substance, a penalty. See, also, In re Ashland Emery & Corundum Co. (D. C.) 229 Fed. 829.

The interrogatory as to the prior use does not relate to, nor tend to establish, the plaintiff's case, but relates to the defense, and to the defendant's evidence and witnesses. This also is not permissible under the English practice, under order XXXI. See Yearly Practice, above cited, pp. 373, 374; Carpenter v. Winn, 221 U. S. 533, 540, 31 Sup. Ct. 683, 55 L. Ed. 842; J. H. Day Co. v. Mountain City Mill Co. (D. C.) 225 Fed. 622.

I am of the opinion that rule 58, like order XXXI, was not intended to change the substantive rules of equity as to discovery, but merely to alter procedure, and that, as the interrogatories seek for discovery to which the plaintiff is not entitled under the established principles of equity, the motion to strike out should be granted.