### BLACKMORE v. COLLINS et al.

(District Court, E. D. Michigan, S. D. February, 1923.)

No. 495.

**1. Injunction ⬅137(1)—Cross-motions for preliminary injunctions denied.**

Motions by both parties for preliminary injunctions will be denied, where questions of fact are in sharp dispute, no claim of insolvency is made by either party, and it does not appear that either injunction is necessary to prevent irreparable injury.

**2. Discovery ⬅13—Not compelled where it may subject party to penalty.**

A court of equity will not compel discovery, where it may subject the party interrogated to a penalty.

**3. Patents ⬅292—Interrogatories not allowed in aid of claim for treble damages.**

Interrogatories to a party under Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) will not be allowed in support of a claim for treble damages for infringement of a patent which, if recovered, constitutes a penalty.

In Equity. Suit by Charles C. Blackmore against Jeffrey N. Collins and others. On motions by both parties for preliminary injunctions. Denied. Also on objections by complainant to interrogatories propounded by defendants. Sustained in part.

Angell, Turner & Dyer, of Detroit, Mich., and Toulmin & Toulmin, of Dayton, Ohio, for plaintiff.

Stuart C. Barnes, of Detroit, Mich., for defendant Collins.

Warren & Hamblen, of Detroit, Mich., for defendant Motor Products Corporation.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TUTTLE, District Judge. This cause is now before the court on motions by plaintiff and by defendant Collins for temporary injunctions against each other respectively, and upon interrogatories propounded by said defendant, under Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), and objections filed thereto by plaintiff.

This suit, which is pending on bill of complaint, answer, and counter-claim, is based upon, and involves, the conflicting claims of the parties with respect to their rights and interests under two contracts between them concerning certain patents held by the plaintiff. By said contracts said defendant acquired rights the nature and extent of which form the basis and subject-matter of this suit. The matters in dispute relate to conflicting claims as to the revocability, revocation, and breach of the contracts mentioned, the infringement of said patents, the rights of the parties to injunctions (permanent and temporary), damages, and other relief, and the present legal status and relations of the parties, with respect to each other, arising out of said contracts. The cause has been referred to a master, with instructions to take and report the testimony and findings of fact and conclusions of law thereon; and depositions have been authorized to be taken for use on such reference.

[1] An examination of the motions for temporary injunctions and the numerous and voluminous ex parte affidavits filed in support of, and in opposition to, such motions, respectively, makes it clear that they present questions of fact and of law on which the claims and contentions of the parties are in sharp dispute, and which are not free from doubt and difficulty. It has not been shown that either party is financially irresponsible. It does not, in my opinion, appear that either of the temporary injunctions sought (which are of substantially the same character as the corresponding permanent injunctions prayed) will result in greater benefit to the moving party than the harm likely to be thereby caused to the opposite party. Nor am I satisfied that irreparable injury will be sustained by either party if both of the temporary injunctions be denied. Under such circumstances, and balancing the relative advantages and disadvantages of such injunctions, and in view of the order of reference mentioned, and of the present pendency of proceedings thereunder, it is clearly apparent that both motions for the temporary relief sought should be denied at this time, without prejudice to the right of each party to a renewal thereof hereafter, if and when, by reason of changed circumstances, such party should become entitled thereto.

The interrogatories and objections referred to have received careful consideration. There are three such objections. The first is to the effect that the interrogatories call for mere evidence rather than discovery of facts, without reviewing the details, which would serve no useful purpose, it is sufficient to state that I cannot agree with plaintiff in this connection, but am satisfied that the information requested is more than evidentiary and is material to the discovery of ultimate facts.

Another objection is based on the claim that certain specified interrogatories are improper because directed to a time subsequent to the date of the alleged notice by plaintiff of revocation of the aforesaid

contracts. With respect to this objection, it is necessary only to point out that the claims and contentions of the defendants (if not of the plaintiff), as set forth in the pleadings, are not limited to the period prior to the date of said notice. In view of all of the allegations, considered together, in the bill, answer, and counterclaim, I am of the opinion that this objection is without merit. This court has already expressed its sympathy with Rule 58 and with the purpose thereof. Batdorf v. Sattley Coin Handling Machine Co. (D. C.) 238 Fed. 925. The objections just considered must be overruled.

One objection remains to be considered. It is based upon the contention by plaintiff that—

"The interrogatories call for information to be used against the plaintiff in the furtherance of the claims of the defendants for a penalty such as treble damages."

Part of the relief prayed in the counterclaim already mentioned consists of treble damages for alleged willful infringement by plaintiff of defendant Collins' asserted rights as exclusive licensee under the patents referred to.

[2] It is settled law that a court of equity will not compel discovery by a party if such discovery may subject such party to a penalty.

[3] The treble damages claimed in the counterclaim herein would, if recovered, constitute a penalty. The purpose and intended result of the discovery sought are to aid in such recovery. It is therefore clear that none of the interrogatories need be answered unless and until all claims to any such penalty be abandoned and withdrawn. F. Speidel Co. v. N. Barstow Co. (D. C.) 232 Fed. 617; Wilson v. Union Tool Co. (D. C.) 275 Fed. 624.

An order will be entered in accordance with the views herein expressed.