## HEALTHOMETER CO. v. JACOBS BROS. CO., Inc.

(District Court, E. D. New York. March 31, 1926.)

No. 2300.

Patents ⚙══292—Plaintiff's motion for leave to file interrogatories in suit for infringement demanding treble damages will be denied.

Where treble damages are demanded in suit for infringement, action is one to recover penalty, and plaintiff's motion for leave to file interrogatories will be denied.

In Equity. Suit by the Healthometer Company against the Jacobs Bros. Company, Inc. On defendant's motion to require plaintiff to furnish particulars for permission to serve and file interrogatories, and on plaintiff's motion for an order requiring defendant to furnish particulars and for permission to serve and file interrogatories. Motions denied in part, and granted in part.

Otterbourg, Steindler & Houston, of New York City (Edward F. Unger, of New York City, of counsel), for plaintiff.

Mayer, Warfield & Watson, of New York City, for defendant.

MOSCOWITZ, District Judge. These are two motions. One is by the defendant for an order requiring plaintiff to furnish further and better particulars of the matters alleged in the bill of complaint, and also for permission to serve and file the interrogatories, annexed to the motion papers. The only opposition to the motion relates to Nos. 4, 7, and 12, of the demand for bill of particulars, there being no opposition to the motion to file the interrogatories. The motion will be denied as to demand No. 4 and granted in all other respects.

The other motion is made by the plaintiff for an order requiring the defendant to furnish further and better particulars of matters alleged in the answering counterclaim, and for permission to serve and file the interrogatories annexed to the moving papers. The only items objected to in the demand for bill of particulars by the defendant are items 4 and 5. As to these items the plaintiff's motion is denied.

The defendant opposes that portion of the plaintiff's motion dealing with the filing of interrogatories on behalf of the plaintiff. Plaintiff demands the following in its complaint:

"The defendant be decreed to account and pay over to your orator the damages it has suffered, and the gains, profits, and advantages realized by the defendant from and by reason of the infringement aforesaid, and all increase of said assessed damages to which your orator may be entitled under the law and in view of the circumstances of the unlawful infringement aforesaid."

Judge Campbell decided the very question at issue here in the case of C. F. Mueller Co. v. A. Zerega's Sons, Consolidated (Equity 1346 Memorandum decision). He held:

"In my opinion, objection 3 must be sustained, and that objection covers all of the interrogatories propounded by the plaintiff. Objection 3 reads as follows: 'It objects to each and all the interrogatories because the bill of particulars asks for treble damages, and the suit seeks to recover a penalty against the defendant.' Treble damages are demanded in the complaint, and therefore, in my opinion, plaintiff was not entitled to propound any of said interrogatories, nor is the defendant under any obligation to answer the same. A suit for infringement, in which treble damages are asked, is essentially one for a penalty, and plaintiff is not entitled to propound interrogatories which relate to the defense. F. Speidel Co. v. N. Barstow Co. (D. C.) 232 F. 617; Wilson v. Union Tool Co. (D. C.) 275 F. 624; Blackmore v. Collins (D. C.) 286 F. 629. The plaintiff cites in opposition to the above authorities Perkins Oil Well Cementing Co. v. Owen (D. C.) 293 F. 759, but I am in accord with the reasoning of the first three cases cited, and in my opinion the weight of authority is with the defendant's contention."

I have concluded, therefore, this being a suit for infringement and treble damages being demanded, that the action is one to recover a penalty. Plaintiff's motion for leave to file interrogatories is denied, with leave to renew upon plaintiff's amending its complaint, by striking therefrom the prayer for treble damages.

Settle orders on notice.