## BEACON FOLDING MACH. CO. v. ROTARY MACH. CO. et al.

(District Court, D. Massachusetts. March 4, 1927.)

No. 2727.

1. Patents ⬤292—That complainant in infringement suit prays for treble damages does not deprive him of right to file interrogatories (equity rule 58; Rev. St. § 4921, as amended by Act Feb. 18, 1922, § 8 [Comp. St. § 9467]).

That complainant in an infringement suit prays for an award of treble damages under Rev. St. § 4921, as amended by Act Feb. 18, 1922, § 8 (Comp. St. § 9467), does not deprive it of the right to file interrogatories under equity rule 58, to be answered by either corporate or individual defendants.

2. Patents ⬤292—Liability for increased damages authorized in infringement suit is not a penalty (Rev. St. § 4921, as amended by Act Feb. 18, 1922, § 8 [Comp. St. § 9467]).

The provision of Rev. St. § 4921, as amended by Act Feb. 18, 1922, § 8 (Comp. St. § 9467), authorizing a court of equity in its discretion to increase the damages in an infringement suit, is remedial, and such increase does not subject defendant to a penalty, within the meaning of the rule that a court of equity will not assist in a discovery if it will tend to expose the person inquired of to a penalty.

In Equity. Suit by the Beacon Folding Machine Company against the Rotary Machine Company and others. On question of right of complainant to require defendants to answer interrogatories. Right sustained.

David Rines, of Boston, Mass., for plaintiff.

Macleod, Calver, Copeland & Dike, of Boston, Mass., for defendants.

BREWSTER, District Judge. This is an infringement suit, based upon three letters patent of the United States. In plaintiff's bill of complaint, it prays that the court exercise its power to increase the damages conferred upon it by Rev. St. § 4921, as amended by Act Feb. 18, 1922, c. 58, § 8 (42 Stat. 392 [Comp. St. § 9467]). The plaintiff was allowed to file interrogatories under equity rule 58, addressed to the defendants, both corporate and individual. No objections were filed within 10 days after the service of the interrogatories, but, when the matter came before the court for appropriate orders to enforce answers, the defendants asserted a privilege to refrain from answering because of plaintiff's prayer for treble damages. It was agreed that the parties would brief, and the court might consider, this preliminary question on the present state of the record.

[1] The provisions of section 4921 confer upon the equity court discretionary power to increase the damages beyond the sum adjudged to reasonably represent the profits or general damages for the infringement. The defendants contend that the effect of these provisions is to subject them to a penalty, and they invoke the ancient rule that equity will not assist in a discovery, if it will tend to expose the party inquired of to a penalty. Story's Equity Pleadings (7th Ed.) § 575; Daniell, Pl. & Practice in Chancery (5th Am. Ed.) p. 387; Boyd v. U. S., 116 U. S. 616, at page 631, 6 S. Ct. 524, 29 L. Ed. 746.

It may also be conceded that equity rule 58 does not operate to enlarge the plaintiff's rights to discovery, or to change the substantive rules in equity. Wolcott v. National Electric Signaling Co., 235 F. 224 (D. C.); Marquette Mfg. Co. v. Oglesby Coal Co., 247 F. 351 (D. C.). But when we came to consider the application of the rule forbidding discovery in cases of penalties to a suit brought under R. S. § 4921, we enter upon debatable ground. The courts in other jurisdictions are by no means in accord. Discovery has been denied to plaintiffs seeking additional damages under the statute in Speidel v. Barstow, 232 F. 617 (D. C. R. I.); Wilson v. Union Tool Co., 275 F. 624 (D. C. S. D. Cal. 1921); Blackmore v. Collins, 286 F. 629 (D. C. E. D. Mich. 1923); Healthometer Co. v. Jacobs Bros. Co., Inc., 12 F.(2d) 96 (D. C. E. D. N. Y. 1926).

Opposed to these cases are several in which the courts have permitted the plaintiff to interrogate the adverse party under rule 58, notwithstanding a claim for increased damages. Masseth v. Johnston, 59 F. 613 (D. C. W. D. Penn. 1894); Grasselli v. National Aniline & Chemical Co., Inc., 282 F. 379 (D. C. S. D. N. Y. 1920); Perkins Oil well Cementing Co. v. Owen, 293 F. 759 (D. C. S. D. Cal. 1923); Taylor v. Ford Motor Co., 2 F. (2d) 473, (D. C. N. D. Ill. 1924); Standard Oil Co. v. Roxana Petroleum Corp., 9 F.(2d) 453 (D. C. S. D. Ill. 1925).

In Grasselli Chemical Co. v. National Aniline & Chemical Co., Inc., supra, and Taylor v. Ford Motor Co., supra, the court considered only the right of a plaintiff to address interrogatories to defendant corporations; but as in three of the cases denying such a right of discovery the defendants were corpora-

tions, it is impossible to evolve any distinction here that will reconcile the divergent views of the several courts. There seems to have been no reported decision dealing with this question in this district, although the files yield at least two instances where interrogatories were answered in cases of suits praying for the extraordinary damage. The objection now pressed upon the court seems not to have been raised in these cases.

I have given careful consideration to all the cases cited and the comments of attorneys thereon, and I have come to the conclusion that the better view, and the one best adapted to attain the salutary purposes of rule 58, is the view which admits of the discovery. No good reason has been suggested why a defendant, who has been particularly wanton and flagrant in his invasion of a plaintiff's rights secured by letters patent of the United States, should be able to successfully resist plaintiff's efforts to reduce the issues and to expedite the trial, while one who may have infringed innocently, or in an honest belief that his invasion was lawful, must comply with the rule and answer all proper interrogatories. If, however, the patent laws impose a penalty within the purview of the earlier substantive rule of equity, the discovery may not be permitted. The rule is not to be lightly set aside because it leads to impracticable results.

[2] A review of the history of the statute, and the decisions of the courts of this country and England upon it and kindred statutes, has convinced me that it does not subject a defendant to a penalty within the meaning of the rule. In some states punitive or exemplary damages may be awarded by a jury, and one of the effects of the act of 1836 (Act July 4, 1836, 5 Stat. 123) was to take away from the jury, in actions on the case brought to recover damages for the infringement of a patent, the power of the jury to give more than actual damages, and to lodge with the court discretionary power to add to such actual damages within certain limitations. In 1870 (Act July 8, 1870, 16 Stat. 206) this discretionary power to increase damages was conferred upon the court sitting in equity. Thus cases arising under the act of 1836 are pertinent upon the character of this extraordinary remedy. From them it is evident that the law was administered more with a desire to render full justice to the party wronged than to inflict punishment upon the infringer, and when actual legal damages fully compensated for the injury sustained the court was reluctant to exercise its authority to add to these damages. See Guyon v.

Serrell, Fed. Cas. No. 5881; Hall v. Wiles, Fed. Cas. No. 5954; Schwarzel v. Holenshade, Fed. Cas. No. 12,506; Brodie v. Ophir Silver Min. Co., Fed. Cas. No. 1,919; Peek v. Frame, Fed. Cas. No. 10,903.

Whatever the defendant is obliged to pay beyond the profits which he unlawfully received is in a sense punishment as to him, but it is also remedial as to the plaintiff. The punitive element, however, must be regarded as incidental to the remedy. The underlying purpose of the statute is to provide adequate compensation for the injury sustained by infringement of patent rights, where the strict rules of law would not afford it. In the field of patent litigation it is difficult to measure with mathematical accuracy a plaintiff's damages, and the statement that all over legal damages is punitive rather than remedial may, as an abstract proposition, be true, but it would rarely be so as a statement of experience. Again, the statute gives a plaintiff no vested rights to have his damages increased. It rests entirely within the discretion of the court whether and to what extent the plaintiff shall recover more than actual legal damages. Masseth v. Johnston, supra.

In this respect the statute now being considered differs from those which have been held to exact penalties in the English cases of Jones v. Jones, 22 Q. B. D. 425, Hobbs v. Hudson, 25 Q. B. D. 232, and Saunders v. Wiel, 2 Q. B. D. 18, frequently cited in support of the rule forbidding discovery. The courts were there dealing with statutes that gave the wronged party a right to recover double or treble damages, and if there was any right to recover at all the plaintiff recovered the increase. No discretion resided in the courts to increase "according to the circumstances of the case." The statute of 3 and 4 William IV (1833) c. 15, § 2, known as "An act to amend the laws relating to Dramatic literary property," provided, in effect, that if one produced, without the consent of the author or proprietor, who had the sole liberty of representing it, any musical composition, the "offender" became liable for each representation to pay to the author 40 shillings, or profits or injury or loss sustained by plaintiff, whichever was greater damages. When this statute came before the courts in Adams v. Batley, 18 Q. B. D. 625 (1887), we find Lord Esher, M. R., making the following comments respecting it:

"Whether it be strictly correct to call this sum a penalty, or liquidated damages, or a forfeiture, or whatever may be the exact term which ought to be applied, I feel sure that it is not a payment of money coming within

the doctrine which prevented courts of equity from allowing discovery by way of interrogatories administered to the defendant. * * * I think it is clear that this payment is treated in the act as a payment by way of damages and not by way of penalty. It is imposed, not as a punishment upon the defendant, but as a compensation to the plaintiff. * * * I am of opinion, therefore, that this is not a penalty, so as to bring the case within the rule that in actions for penalties interrogatories should not be allowed to be administered to the defendant."

It is, in this connection, interesting to note that Lord Esher sat in Hobbs v. Hudson, supra.

The copyright laws in this country have for years provided for the recovery of damages to be assessed by the court at a sum not less than a specified amount. These statutes have never been regarded as penal statutes. Pirkl v. Smith, 42 F. 410 (C. C.); Paramore v. Mack Sennett, Inc., 9 F.(2d) 66 (D. C.); L. A. Westermann Co. v. Dispatch, 233 F. 609 (C. C. A.); Gross v. Van Dyk Gravure Co., 230 F. 412 (C. C. A.); Weil, Law of Copyright, § 1266.

R. S. § 4966, provided that infringement of copyrighted dramatic compositions subjected the infringer to liability for damages to be assessed, not less than $100 for first performance and $50 for each subsequent performance, "as to the court shall appear to be just." In Brady v. Daly, 175 U. S. 148, 20 S. Ct. 62, 44 L. Ed. 109, the court said these provisions did "not change the character of the statute and render it a penal instead of a remedial one," and that it provided for the recovery of neither a penalty nor a forfeiture. The court made these further observations, which I think are equally applicable to the statute now before me:

"Although punishment, in a certain and very limited sense, may be the result of the statute before us so far as the wrongdoer is concerned, yet we think it clear such is not its chief purpose, which is the award of damages to the party who had sustained them, and the minimum amount appears to us to have been fixed because of the inherent difficulty of always proving by satisfactory evidence what the amount is which has been actually sustained."

In Huntington v. Attrill, 146 U. S. 657, at page 667, 13 S. Ct. 224, 227 (36 L. Ed. 1123), the court observes that "penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state

has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

In later statutes Congress has "out of an abundance of caution" expressly provided that minimum damages should not be regarded as a penalty. See L. A. Westermann v. Dispatch, supra; Hendricks v. Thomas, 242 F. 37 (C. C. A.).

If no prayer for this increase had been inserted in plaintiff's bill of complaint, it still, I take it, would have been open to the court upon a proper showing to award increased damages under section 4921. Emerson v. Simm, Fed. Cas. No. 4,443; Norfolk & P. Traction Co. v. Miller, 174 F. 607 (C. C. A.); Lauria v. Du Pont De Nemours, 241 F. 687 (D. C.); Robinson Law of Patents, § 953.

If no prayer had been made, the defendants would not now be claiming a right to refuse answers. Is it possible that a plaintiff who has not asked for increased damages can, by propounding to the defendant interrogatories under rule 58, thereby deprive the court of its discretionary power to increase the damages, if the evidence demands it? Yet that is a logical result of defendant's claim of privilege, if it is to be sustained.

The foregoing leads me to concur fully with the views of Judge FitzHenry, well expressed in his opinion in Standard Oil Company v. Roxana Petroleum Corp., supra, as follows:

"Upon a consideration of all of the authorities submitted in this case, the court is of the opinion that the mere fact that Congress has authorized the court, in its discretion, to allow treble damages in a proper case, where a defendant has been found to be an infringer in a patent suit, does not make a proceeding to recover damages for infringement an action to recover a penalty or forfeiture, within the meaning of the established practice of discovery under rule 58. Even viewing rule 58 as a mere change in procedure in reference to obtaining discovery, and extending the right to the defendant as well as the plaintiff, and that it was not intended to change the long-established rule in reference to the subject-matter of discovery, the court feels that this is true. In taking this position, the court is not unmindful of the cardinal rule of courts of chancery never to create a discovery which might tend to convict a party of a crime or forfeit his property (Boyd v. United States, 116 U. S. 631, 6 S. Ct. 524, 29 L. Ed. 746); but this wise provision of equity

does not prevent a party from making discovery in an action for the redress of a private grievance, and involving no possibility of incrimination or forfeiture of property. A mere recovery of damages, where the limits are fixed by statute, does not involve a 'forfeiture of property' within the well-recognized chancery rule."

I therefore decide this preliminary question in favor of the plaintiff's right to address to the defendants, individual as well as corporate, proper interrogatories under rule 58. The defendants may within 10 days file, pursuant to the rule, specific objections to any interrogatories. These objections I will consider upon briefs already filed and such additional briefs as parties may desire to file within 15 days.