## KOEHRING CO. v. FOOTE CO., Inc.

District Court, W. D. New York.   June 11, 1927.

Patents ⬅292—Demand for treble damages in infringement suit does not deprive complainant of right to file interrogatories.

Demand for treble damages in infringement suit does not make it one for penalty or forfeiture, nor deprive complainant of right to file interrogatories.

In Equity.   Suit by the Koehring Company against the Foote Company, Inc. On motion by defendant to strike out interrogatories. Denied in part and granted in part.

John S. Powers, of Buffalo, N. Y. (John F. Robb, of Cleveland, Ohio, of counsel), for plaintiff.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (Parker Cook, of Washington, D. C., of counsel), for defendant.

HAZEL, District Judge.   The supplementary interrogatories propounded by order of the court, under date of February 8th, on separate papers, resulted from defendant's request to be apprised of the particular claims upon which plaintiff would rely at the hearing. They were intended to relate to a description of defendant's machine to enable plaintiff to state definitely what claims of the patent in suit were infringed. On motion, the supplementary interrogatories were stricken out on defendant's contention that treble damages, recovery of a penalty, were demanded, and the rule of Healthometer Co. v. Jacobs Bros. (D. C.) 12 F.(2d) 96, was applied.

The interrogatories of April 25, 1927, however, for discovery in support of the cause of action, were filed pursuant to equity rule 58.

Defendant now moves that they also be stricken from the record without requiring an answer, on the ground, first, that they are the third set of interrogatories propounded and were filed without leave of the court; and, second, that, as treble damages are demanded in the bill, the action is one to recover a penalty, and, accordingly, plaintiff is not entitled to propound interrogatories. These objections are not regarded as substantial.

In the absence of rule in this district, this court ordinarily follows a rule of practice established in another district of the Second Circuit, and therefore the decision of Judge Moscowitz in the Healthometer Case was applied on the prior motion to strike out, but my attention is now drawn to Judge Learned Hand's decision in Grasselli Chemical Co. v. Nat. Aniline & Chemical Co. Inc. (D. C.) 282 F. 379, wherein it was ruled that a demand for treble damages in an action for infringement of a patent was not penal, and, since interrogatories take the place of discovery under the new equity rule, plaintiff had the right to require answers equivalent thereto.

And in Brady v. Daly, 175 U. S. 148, 20 S. Ct. 62, 44 L. Ed. 109, an action arising out of infringement of copyright of a dramatic composition, the Supreme Court decided that such an action, though treble damages were demanded in the bill, was not for a penalty or forfeiture. That case applies by analogy to the case at bar; indeed, the weight of authority is that the demand for treble damages in an infringement suit is remedial, and defendant cannot refuse to answer interrogatories rightly filed. See, also, Beacon Folding Mach. Co. v. Rotary Mach. Co. (D. C.) 17 F.(2d) 934, wherein the authorities are collected and comprehensively reviewed.

In A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300, Judge Mayer,

having before him objections, in a patent suit, to answering interrogatories propounded by plaintiff, said:

"The tendency of the District Court of this district is to be liberal as to interrogatories, all to the end that time and expense shall be saved to the litigants, and that, when the case comes on for trial the case shall come down to the real issues as clearly and speedily as may be. In a case like this, the defendant should furnish plaintiff with a true specimen of the device alleged by plaintiff to infringe, and also state in accurate detail the process employed; but interrogatories ordinarily should not be in the language of the claims, nor should a defendant be required to state the names of his experts or others from whom the information is obtained for his answers to the interrogatories."

With this rule in mind, I come then to the specific objections of the defendant to the interrogatories filed by the instant plaintiff. Eleven patents are involved, and it cannot be doubted that answers to them, in the main, will curtail the time of trial and enable the plaintiff to obtain discovery in relation to matters upon which it would have the right to examine the defendant or its witnesses at the hearing.

Interrogatory 1 (a, b, c, and d), relating to the ascertainment of a description of the machine exhibited by defendant before the bill was filed. Inasmuch as photo prints have already been filed by defendant, of an application for patent pending in the Patent Office, I can see no objection to making answer, though comparisons are not required; the purpose of the inquiry being to identify the so-called good road paving machine with the photostat drawings.

Interrogatory 2 (a, b) aims at the ascertainment of places where the machines described in the photostat or drawings were sold or used. Objection that it attempts to pry into defendant's customers is unsubstantial, and the question should therefore be answered.

Interrogatory 3 need not be answered. The relationship between the Franklin Company and the defendant is not believed material.

Interrogatory 4, relating to letters between Foote Concrete Machinery Company and the Foote Company, Inc., need not be answered, as it relates to matters of evidence written about eleven years ago, and seems to fall within the rule of Wright v. Dodge Bros. (D. C.) 300 F. 455, viz. that the specific interrogatory is too indefinite and apparently irrelevant to the issues involved. If, however, plaintiff considers it necessary that such letters should be produced, as bearing upon acquiescence, it may avail itself of a subpœna duces tecum. As to subdivisions (a) and (b), relating to defendant's efforts to obtain licenses from plaintiff, no answer will be required, inasmuch as the plaintiff already knows whether defendant tried to secure a license from it, and also whether it refused to grant the same.

Interrogatories 5, 6, 7a, 8, are not thought indefinite, and therefore should be answered.

Interrogatory 9 need not be answered, since making comparisons would require an interpretation of the patent in suit. But subdivisions (a) and (d) are matters that may be brought out at the trial, if then considered relevant and material.

Interrogatory 10 should be answered. That it tends to draw out information regarding the sale of attachments for the paving machine at a time prior to six years before the suit was begun is not thought sufficient reason for sustaining the objection.

Interrogatory 11 is believed immaterial, and need not be answered.

Interrogatories 12, 13, 14, and 15 need not be answered at this time, since they tend to require defendant to give the ground of its defense, and, in a sense, the argument based thereon. Besides the prior art and anticipations are set up in the answer and relate to prior patents and file wrappers to which plaintiff has access.

Interrogatories 16, 17, 18, 19 and 20a, should be answered as far as possible. They will tend to enable plaintiff to prepare to meet the issue.

Interrogatory 21. Answer may be reserved to the hearing.

Interrogatory 22, calling for comparison between drawings and claims, need not be answered.

Interrogatory 23 relates to information that may be obtained from the file wrapper, and answer thereto will not be required.

Interrogatory 24 may be helpful, and therefore I can see no objection to answering it.

Interrogatory 25 relates to furnishing additional descriptions of photos already filed, especially relating to operation of the cable means and boom. It should be answered.

Interrogatories 26, 27, 28, 29, 30, 31, 32, 33, and 34 should be answered.

Interrogatory 35 need not be answered, since it may be that an answer thereto requires construction of patent claims.

An order as above indicated may be entered.