## FRANKEL v. SEARS, ROEBUCK & CO.
### No. E8416.

District Court, E. D. New York.

Feb. 4, 1938.

Charles Sonnenreich, of New York City, for plaintiff.

Harry Price, of New York City, for defendant.

BYERS, District Judge.

This is a patent infringement suit in equity. Plaintiff moves for an order under rule 58 (28 U.S.C.A. following section 723) directing the defendant to answer the plaintiff's interrogatories, and requiring the defendant to serve and file a verified bill of particulars.

The motion is resisted upon the ground that, because the bill of complaint demands treble damages, answers to interrogatories may not be required, for reasons stated in Healthometer Co. v. Jacobs Bros. Co., Inc., D. C., 12 F.2d 96, decided in this court on March 31, 1926.

That case is an authority in defendant's favor.

Since it was announced, Koehring Co. v. Foote Co., Inc., D.C., 21 F.2d 569, was decided in the Western District of New York, to the contrary, and is based in part upon Grasselli Chemical Co. v. National Aniline & Chemical Co., Inc., D.C., 282 F. 379, which was not cited in the decision relied upon in the Healthometer Co. Case, supra.

The opinion in Beacon Folding Machine Co. v. Rotary Machine Co., D.C., 17 F.2d 934, contains a rather full discussion of the subject, and there seems to be such a divergence of view as to justify, with all deference, a certain freedom of selection among precedents which might not otherwise be present. As Judge Hazel said in the Koehring Co. Case, supra: " * * * indeed, the weight of authority is that the demand for treble damages in an infringement suit is remedial, and defendant cannot refuse to answer interrogatories rightly filed."

That is the view presently deemed applicable.

Passing now to the interrogatories:

It is understood that the defendant consented on the argument to answer interrogatories Nos. 1(a) and 1(b), if the three garments in question are alleged by the defendant to have been manufactured by a named licensee of the plaintiff. Also it agreed to answer 1(c); 1(d) was withdrawn as covered by the stipulation made by the parties in open court.

As to interrogatory No. 2, the defendant has agreed to answer so as to disclose the first and last dates involved.

As to interrogatories Nos. 3 and 4, the defendant is directed to answer.

As to interrogatory No. 5, the defendant is directed to answer whether the plaintiff's patent was intended to be referred to in defendant's advertisement referred to in this interrogatory.

As to the plaintiff's motion for a bill of particulars, item No. 1 is disallowed as being argumentative.

Item No. 2 is granted except with respect to "with whose knowledge."

Item No. 3 is granted.

Item No. 4 is understood to have been withdrawn by stipulation on the argument, in consideration of the defendant's withdrawal of paragraph 15(h) of its answer.

Settle order.