## OLTARSH et al. v. GOODYEAR FABRICS CORPORATION.

District Court, S. D. New York.
Sept. 12, 1939.

Charles Sonnenreich, of New York City, for plaintiffs.

Bondy & Schloss, of New York City, for defendant.

MANDELBAUM, District Judge.

The defendant moves for summary judgment dismissing the plaintiffs' complaint in a patent infringement suit pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The sole ground urged as the basis for the relief sought is that the plaintiffs' admission as well as the defendant's uncontradicted proof establish the invalidity of the plaintiffs' patent by reason of anticipation by a prior patent.

It is claimed that the design patent of Print Textile Corporation anticipates the plaintiffs' design patent No. 104,603 for more than two years prior to the time that plaintiffs' patent had been applied for. It is out of a suit between the plaintiffs and Print Textile Corporation that the defendant says that there appears admissions made by the plaintiffs which establish the invalidity of its own patent. That suit ended without trial when Judge Coxe dismissed the suit with prejudice when the plaintiffs were not ready to proceed to trial. The defendant has also offered proof to show the manufacture and sale of the Print Textile Corporation prior to the time that the plaintiffs used theirs.

Motions for summary judgment have generally been denied in patent cases based solely on affidavits. Frank v. Western Electric Co., 2 Cir., 24 F.2d 642; Dubilier Condenser Corp. v. N. Y. Coil Co., 2 Cir., 20 F.2d 723; Jacob Elishewitz & Sons, Inc. v. Bronstein, 2 Cir., 40 F.2d 434; Frankel v. Sears Roebuck & Co., D.C., Eastern District of New York, 21 F.Supp. 1018; J. J. & M. Blackstone & Melris Lace, decision by Judge Knox, Equity No. 84-206; The Refractolite Corp. v. Prismo Holding Corp., D.C., 25 F.Supp. 965, decision by Judge Coxe. This is not an invariable rule. In a proper case such motion is permissible under Rule 56 of the Federal Rules of Civil Procedure.

After considering the affidavits pro and con, the memoranda of law, as well as the application for a preliminary injunction which was denied by Judge Clancy, I have reached the conclusion that the action should await trial rather than be terminated by a summary disposition. The circumstances surrounding this litigation are rather peculiar. The defendant claims that the admissions made by the plaintiffs in another patent suit prove conclusively that the plaintiffs' design patent was anticipated by the patent of the Print Textile Corporation. That case, as stated at the outset, was dismissed with prejudice but not on the merits. There is therefore no formal adjudication of the invalidity of the plaintiffs' patent. The plaintiffs deny the conclusiveness of any such admissions without the introduction of formal proof, and the opportunity to cross-examine.

It is to be borne in mind that Judge Clancy in denying the plaintiffs' motion for a preliminary injunction had before him the same question as here presented, namely the anticipation by the Print Textile Corporation of the plaintiffs' device. While it is true that the motion was denied because

of dissimilarity of both designs, the court cannot tell how far the position stressed on the motion was considered by Judge Clancy in reaching his determination.

It is also significant that The Design Registration Bureau by a majority of its members were of the opinion that the Bureau erred in accepting the defendant's design patent for registration under the Bureau's standards and that the Bureau was therefore directed to cancel the registration of the defendant's design.

The plaintiffs raise an additional issue with respect to a design patent owned by them in 1933 which they claim anticipates the Print Textile Corporation patent issued in 1937.

In view of all the foregoing facts, the court feels that the plaintiffs are entitled to a trial on the issues of anticipation and infringement. That at such trial they will have the right to cross-examine the defendant's witnesses with respect to the alleged sale and manufacture of articles embodying the Print Textile Corporation, as claimed by the defendant.

All in all, I am of the belief that this is not a proper case for summary judgment and the motion is accordingly denied.