### BRONK v. CHARLES H. SCOTT CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1914.)

No. 2026.

1. PATENTS (§ 310*)—INFRINGEMENT—MOTION FOR DECREE ON FACTS.

Where complainant, by answer to interrogatories in a suit for a patent infringement, admitted in effect that the infringement complained of consisted solely in defendant's manufacture and sale of certain protectors which were identified and described in the interrogatories, a motion by defendant for a decree on the facts should be determined by the principles applicable to a demurrer to the bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. EQUITY (§ 363*)—BILL—DISMISSAL—JUDICIAL KNOWLEDGE.

Where a bill by its own averment states a prima facie case, it cannot be dismissed by the chancellor on the ground that he judicially knows of facts that would support an answer, unless his judicial knowledge is so broad that he can properly hold that no facts exist that would tend to controvert the supposed answer and support a replication and the bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 762–766, 768; Dec. Dig. § 363.*]

3. PATENTS (§ 328*)—INFRINGEMENT—SANITARY PROTECTOR.

Patent No. 899,196, granted September 2, 1908, for a sanitary protector, includes as an indispensable characteristic a spheroidal form of the yoke portion, and hence was not infringed by the manufacture and sale of protectors in which all the parts had plane surfaces.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Alice M. Aiken Bronk against the Charles H. Scott Company. Judgment for defendant, and complainant appeals. Affirmed.

This is an appeal from a decree dismissing for want of equity appellant's bill charging appellee with having infringed patent No. 899,196, September 2, 1908, issued to appellant for a sanitary protector.

Figure 3 of the drawings is as follows:

In the specification the construction of the patented article is described in these words: "In order to give the protector the proper shape or configuration *to conform* to the general contour of the body of the wearer as shown most clearly in figure 3, and also provide for a circulation of air below the waist line (the shield being of impermeable material) the shield portion is cut away at its top to provide for the yoke portion *2*, of suitable permeable material, and secured thereto by means of the horizontally-extending seam *4*; and the yoke portion *2* is given the proper form or contour by having its upper portion contracted and folded into downwardly and laterally-extending tapering plaits or folds *5*, on each side of a median seam *6*, the folds being on the inner or under side of the yoke portion, as shown most clearly in figure 3 of the drawings."

The only claim of the patent is as follows:

"A protector, comprising a permeable yoke portion provided with a median seam and having its upper portion contracted and folded into downwardly and laterally-extending tapering plaits or folds on each side of said median line, and an impermeable portion comprising a single ply of material depending from said yoke portion, said yoke portion being provided about its upper edges with a waistband and said shield portion being provided with attaching-tabs near the depending end thereof."

Appellee in its answer charged that appellant during the prosecution of her application had sought to obviate objections by making amendments which limited the claim of the patent to the exact details described and shown, and that in view of the state of the prior art, as disclosed by numerous patents which were named, no invention was required to devise the article patented. The answer then proceeded to say that appellee had done nothing which could be claimed to be an infringement of the patent except to manufacture and sell certain protectors, specimens of which were filed with and made a part of the answer. Thereupon appellee, under equity rule 58, filed interrogatories to be answered by appellant, inquiring whether appellant's charge of infringement was based on any other or different acts of appellee than the manufacture and sale of the protectors described and exhibited in the answer. And appellant answered the interrogatories by saying that she had no other basis for her charge of infringement.

The permeable yoke portion of appellee's protectors is cut from a flat piece of material and has no plaits or folds whatever by which the yoke portion is made to depart from a plane surface and to conform to the contour of the wearer's body.

Appellee moved that the bill be dismissed on the ground that appellant's answers to the interrogatories disclosed that there was no infringement of the patent, and on the additional ground that in view of the file wrapper and prior patents, certified copies of which were filed with the motion, the patent was void for lack of invention. This motion was sustained and the bill was dismissed for want of equity.

Appellee has tendered to this court a certified copy of the file-wrapper and contents, and has attached to its brief copies of numerous patents of the prior art which were named in its answer.

Minor G. Norton, of Cleveland, Ohio, and N. J. Shupe, of Chicago, Ill., for appellant.

Philip C. Dyrenforth and Russell Wiles, both of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). If the decree cannot be sustained by an application of the law to the facts admitted by appellant in her bill and in her answers to appellee's interrogatories, the cause must be remanded for trial in due course. Undoubtedly the purpose of authorizing interrogatories was to enable the court to make a summary disposition of a cause by applying the law to an admitted state of facts; but, when the facts are not admitted, neither that rule nor any other warrants a summary disposition on affidavits or other untested showings by the party moving for the summary disposition, in lieu of proofs duly taken with proper opportunity for the adversary to cross-examine. We therefore disregard the file-wrapper and the patents tendered by appellee, and consider only those facts which stood admitted by appellant upon the record prior to appellee's motion for a decree of dismissal.

[1, 2] While this motion for a decree upon the facts, as admitted by appellant upon the record, is not a demurrer to the bill, yet the principles that are applicable to a demurrer should be applied, for the reason that appellant's answers to the interrogatories are the same in effect as if she had charged in her bill that appellee's infringement consisted solely in the manufacture and sale of the protectors which were identified and described in the interrogatories. And the rule with respect to a demurrer to a bill for infringement of letters patent is well settled. Lange v. McGuin, 177 Fed. 219, 101 C. C. A. 389; Krell Auto Grand Piano Company v. Story & Clark Company (C. C. A.) 207 Fed. 946. If a bill, in and by its own averments, states a prima facie case, that case cannot properly be overthrown by the chancellor merely on the ground that he judicially knows of facts that would support an answer. His judicial knowledge must go farther and be so broad and all-embracing that he can properly hold that no facts exist that would tend to controvert the supposed answer and support a replication and the bill. This is so because, if such facts exist, the complainant is entitled to a hearing where he can present and argue the facts, and such a hearing cannot be had on a demurrer to the bill.

[3] Applying this rule to the admitted facts, we have no difficulty in sustaining the decree. The description of the yoke portion of appellant's patented article shows tapering plaits which have the effect of giving the surface of the yoke a spheroidal form. And the claim makes this an indispensable characteristic of the yoke portion. So it is immaterial what, if any, disclaimers appellant was compelled to make during the prosecution of her application through the patent office, or what were the teachings and disclosures of the prior art. If it were

admitted that appellant was the absolute pioneer in protectors of this character, and was in fact the first inventor of plane as well as spheroidal shapes, still it is the province of courts only to construe claims, not to reconstruct them. And it would require an entire reconstruction of the claim to eliminate what appellant has made an essential element, namely, the spheroidal form of the yoke portion; and inasmuch as appellant admits that appellee has never made or sold protectors except those in which all of the parts have plane surfaces, no testimony with respect to the utility, novelty and commercial success of appellant's article, and no exposition of the prior art by experts, could alter the result, which is noninfringement.

The decree is:

Affirmed.