## WRIGHT v. DODGE BROS.

(District Court, E. D. Michigan, S. D. June 25, 1924.)

No. 602.

**1. Specific performance ⬅7—Suit to enforce performance of license contract; defenses.**

In a suit for specific performance of a license contract, in which complainant alleges that defendant has made and sold the patented devices and has failed to pay the royalties required by the contract, where defendant denies that the devices it makes and sells are within the contract or patent, it may also allege and prove that complainant is estopped to claim otherwise by failing to take any action for a number of years, during which defendant, with complainant's knowledge, has made and sold the same devices.

**2. Courts ⬅351—Party may require answer to any interrogatory, where the subject-matter is material to the issues.**

Under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), a defendant may require answer to any interrogatory, where the evidence called for is material to his defense.

**3. Courts ⬅351—Interrogatory held too broad.**

An interrogatory calling on complainant to quote or attach copies of all letters passing between the parties during a stated period, if considered an interrogatory, held too broad and indefinite.

In Equity. Suit by Charlotte Wright against Dodge Bros. On motions by complainant to strike out parts of answer, and by defendants to require answers to interrogatories. Motion to strike out denied, and defendants' motion granted in part.

George L. Wilkinson, of Chicago, Ill., and Edward N. Pagelsen, of Detroit, Mich., for plaintiff.

Emerson R. Newell, of New York City, for defendants.

TUTTLE, District Judge. This cause is before the court on a motion by plaintiff to strike from the answer certain parts thereof as not pertinent to any issue involved, and on a motion by defendant to compel plaintiff to answer certain interrogatories filed by defendant under equity rule 58.

The bill, which properly invokes the jurisdiction of this court on the ground of diversity of citizenship, seeks specific performance of a certain contract, alleged to have been entered into between the parties hereto in 1916, whereby plaintiff granted to defendant a nonexclusive license to manufacture, sell, and use automobile hood hinges under a

certain patent owned by the plaintiff. The bill alleges that since the year 1918 defendant has not made the reports, nor paid the royalties, required by said license, although defendant has since that time made many thousands of automobile hoods embodying the invention covered by said patent and license.

Defendant has filed an answer, in which it admits the making of said license agreement and its failure to comply with the terms thereof since 1918, but alleges that since that time it has not made nor sold any device "within the terms of the license agreement or covered by the claims of the said letters patent." It further alleges:

"That ever since about July 1, 1918, plaintiff has known that defendant has been manufacturing automobile hoods and hinges, and their construction and form, and that defendant has refused to pay any royalties thereon, and plaintiff has for many years past permitted others within the United States to manufacture, use, and sell automobile hoods and hinges claimed in said letters patent, without payment of royalty and without license from plaintiff, and has, with full knowledge of the facts, permitted licensees to violate and disregard the license provisions, yet plaintiff has failed to take reasonable steps to prevent such acts, and thereby, and by other acts and omissions by her, plaintiff acquiesced in defendant's acts and the manufacture by others to such an extent that plaintiff is estopped from any right she might otherwise have to claim that defendant's constructions are included within the scope of said patent or of said license."

Defendant filed interrogatories under equity rule 58, several of which seek certain specific information concerning the alleged acquiescence by plaintiff in the manufacture, by its licensees and by others, of the devices now claimed by plaintiff to be within the scope of the patent referred to.

[1] Plaintiff moves to strike out the portions of the answer just quoted, and objects to the interrogatories just mentioned, in so far as such answer and interrogatories relate to the alleged conduct of the plaintiff in permitting the manufacture, by others than the defendant, of the devices now claimed to be covered by the patent and license involved in this suit. Defendant moves for an order compelling plaintiff to answer such interrogatories.

It is urged on behalf of plaintiff that, as she has not agreed to sue infringers of this patent or licensees, other than defendant, who may have violated the terms of their licenses, she is, and has been, under no obligation, so far as defendant is concerned, to do so, or to prevent others from infringing such patent, or from violating their licenses, and that therefore her failure to take such action cannot form the basis of any estoppel as between herself and the defendant, and that it is not open to defendant to plead or to interrogate concerning such matters. In view, however, of the claim of defendant that the devices which it has been manufacturing are not within the scope of plaintiff's patent, and are therefore not covered by the license granted under such patent, I am of the opinion that under the principles of estoppel (which are as applicable to the law of patents as to any other subject) defendant is entitled to allege in its answer, and to seek to ascertain by its interrogatories, that plaintiff, by her conduct, has led defendant to believe that she does not claim that the manufacture of the devices in question embody the invention of her patent, with the result that de-

fendant has so changed its position that it would be inequitable to now permit plaintiff to make a contrary claim. Richardson v. D. M. Osborne & Co., 93 Fed. 828, 36 C. C. A. 610 (C. C. A. 2); Westinghouse Electric & Manufacturing Co. v. Wagner Electric Manufacturing Co. (C. C. A.) 129 Fed. 604; McGill v. Whitehead & Hoag Co. (C. C.) 137 Fed. 97; General Electric Co. v. Yost Electric Manufacturing Co. (D. C.) 208 Fed. 719; Beckwith Box Toe Co. v. Gowdy (D. C.) 244 Fed. 805.

[2] Plaintiff has also objected to two other interrogatories (No. 15 and No. 22) propounded by defendant, on the ground that they "relate to matters as fully within defendant's knowledge and as available to defendant as to plaintiff." Defendant has moved to compel answers to such interrogatories. One of them asks whether it is not a fact:

"That the Patent Office did not cite, comment on, or call attention to any prior art construction during the prosecution of the application for the patent in suit, and that the application was allowed as filed."

It is not claimed that the information thus sought is not material to the issues involved. The only limitation imposed by rule 58 upon the kind or character of facts or documents that may be the subject-matter of interrogatories is that they must be "material to the support or defense of the cause." This court, in Batdorf v. Sattley Coin Handling Machine Co., 238 Fed. 925, early adopted a liberal attitude with respect to the construction and application of this rule. In the case just cited it was said, among other things:

Under equity rule 58, either party may ask the opponent questions which, if answered, will disclose facts or documents material and pertinent to the support or defense of the cause; the object of the rule being to simplify the issues, and so far as possible to dispose of material issues in advance of the actual hearing of the case. I am in entire sympathy with the rule and the purpose of it."

Applying this principle to the interrogatory in question, I am satisfied that it relates to facts and documents of sufficient materiality and pertinency to the cause to make it proper under the rule, and that defendant is entitled to have it answered. Bronk v. Charles H. Scott Co., 128 C. C. A. 17, 211 Fed. 338 (C. C. A. 7); Batdorf v. Sattley Coin Handling Machine Co., supra; Quirk v. Quirk (D. C.) 259 Fed. 597.

[3] The other interrogatory of the defendant to which plaintiff objects consists of a request that plaintiff "quote or attach copies of all letters written by" plaintiff to defendant, "and all received by" plaintiff from defendant, "during the period in controversy." This can scarcely be called an interrogatory, but is rather in the nature of a demand for the production of correspondence. Whatever its effect would be, if intended or treated as a subpœna duces tecum, or as a notice to produce for the purpose of laying a foundation for the introduction of secondary evidence, it is entirely too broad and indefinite to serve as an interrogatory for the discovery of facts or documents "material" to the issues involved in this case. There is nothing to indicate that "all letters" passing between these parties during a particular period of time (apparently here extending over about six years) are relevant

to the issues involved. The objection, therefore, to this interrogatory must be sustained.

Rule 58 includes the following provision:

"By a demand served 10 days before the trial, either party may call on the other to admit in writing the execution or genuineness of any document, letter or other writing, saving all just exceptions; and if such admission be not made within five days after such service, the costs of proving the document, letter or writing shall be paid by the party refusing or neglecting to make such admission, unless at the trial the court shall find that the refusal or neglect was reasonable."

This would seem to be the provision of the rule properly applicable to the so-called "interrogatory" last referred to, and the order which must be entered sustaining the objections to said interrogatory, as such, will be without prejudice to the right of defendant to serve the demand so permitted by the rule.

The motion of plaintiff to strike out the portions of the answer referred to should be denied, and the objections of plaintiff to the interrogatories of defendant should be overruled and sustained, respectively, as already indicated. An order will be entered accordingly.