### CHASE et al. v. RELIABLE MFG. CO.
#### No. 10490.

District Court, N. D. Illinois, E. D.
May 24, 1932.

Offield, Mehlhope, Scott & Poole, of Chicago, Ill., for plaintiffs.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for defendant.

LINDLEY, District Judge.

Defendant moves to dismiss upon the ground that it is disclosed upon the face of plaintiffs' bill and the stipulation of the parties that defendant's device for opening cans does not infringe the patents sued upon (No. 1,617,148, February 8, 1927, and No. 1,670,-238, May 15, 1928, issued to plaintiff Chase).

The stipulation is to the effect that defendant's Exhibit "A" attached to its motion for a bill of particulars is of the construction complained of in the bill of complaint as constituting infringement.

In Bronk v. Charles H. Scott Co., 211 F. 338, 341 (C. C. A. 7) the court approved the present practice and affirmed a decree summarily dismissing a bill of complaint because of noninfringement clearly appearing upon the face of the record, without hearing evidence. Judge Baker, speaking for the court, said: "No testimony with respect to the utility, novelty and commercial success of appellant's article, and no exposition of the prior art by experts, could alter the result, which is noninfringement."

In the later case of I. T. S. Rubber Co. v. Essex Rubber Co. (D. C.) 270 F. 593, 596 the court had before it a situation similar in all respects to that at bar. The language of the opinion is directly applicable.

"After motion by the defendant for particulars, a stipulation was filed that certain attached heels (Plaintiff's Exhibits 1 and 2, and Defendant's Series A and B) were sold by the defendant in this district, and constituted the sole acts of infringement within this district relied upon to give this court jurisdiction.

"The defendant thereupon moved to dismiss, on the ground that it appears on the record thus made that there was no infringement in this district.

"The question thus presented is essentially the same as though the plaintiff had in its bill set up its patent with the usual allegations, plus the claim that the defendant had been guilty of infringement by selling within this district certain attached samples of heels. The defendant might, under the old practice, have demurred to such a bill, assigning as cause for the demurrer that it appeared from the bill that the alleged infringing structures were not infringements.

"Obviously such brief and summary method of disposing of a patent case—generally distinguished for length, prolixity, and presence of extraneous and immaterial matter—is not usual. It calls for and has had careful

consideration. There seems to be no reason why the principles used in the labor and money saving device of demurrer should not be utilized in patent litigation as well as elsewhere. * * *

"The procedure here invoked is consistent with that adopted by the Court of Appeals for the Seventh Circuit, affirming a decision by District Judge Carpenter, in Bronk v. Charles H. Scott Co., 211 F. 338, 128 C. C. A. 17. * * *

"I conclude on principle and authority that it is the duty of the court to grant this motion, unless it appears that the heels relied upon as an infringement within this district are or may be found to be an infringement of the plaintiff's patent. * * *

"The result is that the motion must be granted, and, for want of jurisdiction, the bill dismissed."

Substantially to the same effect are Asbestos Shingle, Slate & Sheathing Co. et al. v. Asbestos Shingle Co., 239 F. 539 (C. C. A. 7); Sprigg v. Fisher (D. C.) 222 F. 964; Mallinson et al. v. Ryan (D. C.) 242 F. 951; Collins Chemical & Manufacturing Co. v. Capitol City Manufacturing Co. (C. C.) 42 F. 64.

No good reason appears why, if the court is convinced that the admitted facts show no infringement, further delay should be had. Plaintiffs assert that the court should not pass upon the question of infringement in the absence of any evidence as to the prior art. Such art may be pleaded by defendant, but there is no requirement of presentation of such defense. Plaintiffs have no ground for complaint, if defendant rests this motion upon the merits of the present record.

I am of the opinion that the claims and specifications of both patents are clearly limited to a device employing as an essential element a blade pivotally mounted on the tool frame so that it may be manually turned on its pivot to perform the function sought to be accomplished. In addition, the patentee prescribed a beveled edge for his blade. Whether this latter requirement is an essential element it is not necessary now to decide. In the second patent the claims and specifications are limited to a device employing a blade movable with reference to the frame work to which it is attached, having a "portion" or "extension" engaged by the traction member. In both patents the essential function is achieved by the pivotally mounted blade. This movement is brought about in the first patent by the fingers of the operator, in the second by the engagement of the blade extension by the handle.

The defendant's device employs a combination of elements and a method of manipulation and operation which do not include the essential elements of plaintiffs or "substantial identity of means." It uses no movable or pivotally mounted blade, but one fixed firmly to the frame work; it has no portion of its opener extending into the path of the traction member. That which is movably attached in plaintiffs' device is fixed in defendants. That which is firmly fixed in plaintiffs' is, in defendant's, capable of free movement.

Mechanical equivalence insisted upon by plaintiffs does not appear. Most of the language of Judge Alschuler in Fairbanks, Morse & Co. v. American Valve & Meter Co. et al., 31 F.(2d) 103, 105 (C. C. A. 7) might have been written for the instant case. There it was said:

"The patent is for an instrumentality, not a function. * * *

"In the former case plaintiffs were not limited to the precise construction of the pivoting means which the specification described and the claims secured. While the movement there, as here, was assisted by pulleys, the links were present, pivoted at one end to the column, and at the other to the receiving end of the spout, supporting and guiding the spout in its telescopic movement.

"But a different situation is presented where the pivoted attaching means is wholly wanting. We think it would be unduly stretching the doctrine of equivalents to hold that defendant's rolling mechanism for moving the spout upon and over the top of the nozzle, and its pulleys, are the equivalent of the pivoted link arrangement which is a distinctive element of these claims of Johnson's patent. Identity of result is not alone to be considered. There must also be substantial identity of means. * * *"

Finding that the claims of plaintiffs' patents are narrowly limited as hereinbefore indicated, that there is not mechanical equivalence or reversal of parts in the sense "of substantial identity of means" in defendant's device, that defendant's opener does not infringe the patents sued upon, and that the practice here followed is proper, it follows that the motion to dismiss the bill of complaint for want of equity must be, and is hereby, allowed.