## CEASAR v. JOSEPH PERNICK CO., Inc.
### No. 6330.

District Court, E. D. New York.
Sept. 23, 1932.

Alexander J. Sparrow, of Brooklyn, N. Y., for plaintiff.

John F. Ryan, of New York City, for defendant.

CAMPBELL, District Judge.

This is a motion to dismiss the bill of complaint filed herein and for an order and decree to such effect on the ground that neither of the claims of the United States patent No. 1,571,930 referred to in the bill of complaint is infringed by either of the devices illustrated as Exhibits A and B of the defendant's interrogatories filed with the clerk of this court on July 2, 1932, which devices the parties agree, as indicated by the defendant's interrogatories and the answers thereto dated July 18, 1932, are the devices alleged to infringe.

By this motion under Rule 29 of the Equity Rules (28 USCA § 723), which is the substitute for the old demurrer, the defendant admits, for the purposes of this motion, the validity of the patent in suit, and the only question presented is infringement.

By the interrogatories and the answers thereto, the plaintiff has limited himself to the contention that the machines Exhibits A and B shown in the interrogatories are the only machines made by the defendant which he claims infringe his patent in suit.

The motion to dismiss is properly made under Equity Rule 29. Bronk v. Charles H. Scott Company (C. C. A.) 211 F. 338; Chase et al. v. Reliable Manufacturing Co. (D. C.) 58 F.(2d) 676; I. T. S. Rubber Company v. Essex Rubber Company (D. C.) 270 F. 593, reversed 281 F. 5, by the Circuit Court of Appeals of the First Circuit on the ground that the question of infringement was arguable but that specifically approved the procedure of dismissing on motion where the question was not arguable.

The test here is whether the decree can be sustained by an application of the law to the facts alleged by the plaintiff in his bill of complaint and admitted in his answers to the interrogatories propounded by the defendant. If it cannot, then the motion should be denied and the case sent to trial in its regular order. If it can, the motion should be granted.

The presence of an answer in this case does not prevent defendant from making this motion. Andrew Jergens v. Bonded Products Corporation (D. C.) 9 F.(2d) 114.

The practice of dismissing a bill on motion on the grounds of invalidity or lack of novelty appearing on the face of the patent has been approved. Richards v. Chase Elevator Company, 158 U. S. 299, 301, 15 S. Ct. 831, 39 L. Ed. 991; Kuhn et al. v. Lock-Stub Check Company (C. C. A.) 165 F. 445, 446.

That being so, I agree with the statement of Judge Anderson in I. T. S. Rubber Company v. Essex Rubber Co. (D. C.) 270 F. 593, at page 598, where he said: "Ordinarily —certainly in this case—infringement is a sharper, narrower, and cleaner-cut issue than patentability."

Upon undisputed evidence, infringement or noninfringement is a question of law. Singer Mfg. Co. v. Cramer, 192 U. S. 265, 275, 24 S. Ct. 291, 48 L. Ed. 437; Sanitary Refrigerator Company v. Winters, 280 U. S. 30, 36, 50 S. Ct. 9, 74 L. Ed. 147.

Expert testimony is not required in a case like that at bar, where the specifications and claims are comparatively simple and all that is required is the comparison of the patent in suit with the defendant's structures alleged to infringe. Hardinge Conical Mill Co. v. Abbe Engineering Co. et al. (C. C. A.) 195 F. 936, 939.

On this motion I am restricted to a consideration of only the bill of complaint, the patent in suit, the interrogatories and answers thereto, and the physical exhibits pictured in the interrogatories.

If on a consideration thereof I am convinced that there is no infringement and that plaintiff cannot so broaden its claims as to cover the defendant's said devices, then the motion should be granted.

If on the other hand I should believe that plaintiff on a trial could possibly show infringement by the defendant, then the motion should be denied.

This suit is based on patent No. 1,571,-930, issued by the United States Patent Office to Paul Ceasar for improvement in steaming devices for yarns, granted February 9, 1926.

This patent is not a pioneer patent, but is for an improvement.

The patentee in describing his invention says in his specification:

"This invention relates to improvements in devices for steaming yarns preparatory to weaving or knitting them into fabrics.

"More particularly this invention relates to an improved apparatus or device adapted to be used in connection with knitting mills for knitting silk underwear."

Again he says:

"Devices for steaming the yarn are in use at the present time. But some of them are objectionable because of their size and because the steam is permitted to escape therefrom and into the workroom.

"This is in some places so objectionable that special arrangement must be made to insure proper ventilation for the workmen.

"The object of my invention is to provide a small device, easily attached to the existing installations, inexpensive to manufacture and whereby very little, if any, escape of steam is permitted."

The claims of the patent, two in number, are not broad claims, but are strictly limited and divided into the elements thereof are as follows:

Claim 1. A device of the character described comprising a cylinder, heads for closing the ends thereof whereby to form a steam chamber within the same, a steam supply pipe secured to one of said heads and extending from end to end of said chamber, said pipe having a solid top portion and steam outlets in its sides, yarn guide eyelets supported in the said heads, a yarn guide steam pipe supported on said eyelets within the chamber and above the said steam pipe, steam inlets provided in said yarn guide steam pipe, a yarn guide bracket, and a screw for supporting said bracket at the one end of said cylinder, said screw passing into the one end of said steam pipe whereby to secure the latter in position and to draw the said heads tightly against the ends of the said cylinder.

Of the eight elements which make up the combination of this claim only three, to wit, a cylinder, heads for closing the ends thereof to form a steam chamber within the same yarn guide eyelets supported in said heads, are found in the defendant's devices Exhibit A and 1 or B of the interrogatories, and neither of the remaining five elements or equivalents thereof are to be found in such exhibits, the defendant's devices.

Claim 2. A device of the character described comprising a closed cylindrical hollow body forming a steam chamber, a steam supply pipe supported centrally within the same and provided with steam outlets in its sides and with a drain opening in the bottom, a drain pipe secured in the bottom of said steam chamber, a yarn guide steam pipe supported in said steam chamber near the top thereof and provided with steam inlets, yarn guide eyelet secured in said body for guiding the yarn into said yarn guide steam pipe, a yarn guide bracket, and a screw for securing said bracket to the said body and for securing the aforesaid elements in position.

The combination of this claim consists of seven elements of which only two, to wit, a closed cylindrical hollow body forming a steam chamber, yarn guide eyelet secured in said body for guiding the yarn into said yarn guide steam pipe, are found in the defendant devices Exhibits A and 1 or B of the interrogatories, and neither of the remaining five elements or equivalents thereof are to be found in such exhibits, the defendant's devices.

The claims are for combinations, and the failure of the defendant to use all the elements or equivalents thereof relieves from infringement. Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 25 S. Ct. 697, 49 L. Ed. 1100.

As I before stated, the patentee has strictly limited the claims of the patent in suit, and is bound by the expressed limitations contained in each of the claims. Motion Picture Patents Company v. Universal Film Manufacturing Company, 243 U. S. 502, 510, 37 S. Ct. 416, 61 L. Ed. 871, L. R. A. 1917E, 1187, Ann. Cas. 1918A, 959.

On all of the admitted facts in this case, I do not see how either of the claims of the patent in suit could be so broadened as to even in language read on either of the defendant's devices Exhibits A and ·B of the interrogatories, and therefore a trial would be of no avail to the plaintiff.

The defendant's devices are different in construction and function differently, and, although the yarn is steamed both in the device of the plaintiff's patent in suit and in the defendant's devices A and B of the interrogatories, that result in the defendant's said devices is accomplished in a different way from that in the device of the plaintiff's patent in suit.

The defendant does not infringe the patent in suit.

The motion is granted, but the dismissal must be without costs.