978

Arthur Berenson, Bernard Berenson, and Israel Gorovitz, all of Boston (Joseph B. Ely and Ely, Bradford, Thompson & Brown, all of Boston, of counsel), Henry C. Tuttle and Harold E. Cole, both of Boston, for plaintiff.

Drury W. Cooper, Drury W. Cooper, Jr., and Thomas J. Byrne, all of New York City (Weld A. Rollins, of Boston, of counsel), for defendant.

BREWSTER, District Judge.

This suit, alleging infringement of letters patent of the United States No. 1,459,578, is before the court on defendant's motion to dismiss under Equity Rule No. 29, 28 U.S.C.A. following section 723. The ground of the motion is that the bill of complaint, augmented by particulars filed by the plaintiff, shows no infringement.

The bill alleges that the plaintiff applied for and received the patent in suit on June 19, 1923. A copy of the patent is attached to the bill of complaint. In response to the defendant's several motions for particulars, the plaintiff has stated:

(a) That he relies only upon claims 11, 13, 16, 17, and 18 (at the hearing claim 16 was withdrawn);

(b) That Defendant's Exhibit A, 1932 Buick Auto Transmission and Defendant's Exhibit D, a helically splined shaft and second and third speed clutch gear, were the alleged infringing devices; and

(c) That the prints, diagrams, and printed matter shown on pages 33 and 34 of Defendant's Exhibit B, 1932 Buick Reference Book, and pages 54 and 58 of Defendant's Exhibit C, 1932 Buick Specification and Adjustment Book, substantially describe the alleged infringing device against which the suit was directed.

The question presented is whether the court, without further proof, can determine that defendant's devices do not infringe the claims of the patent upon which plaintiff relies. While the specifications and drawings at first glance may seem to disclose a somewhat complicated mechanical device, they do not, in fact, present serious difficulties.

We may gather from the specifications the problem which confronted the plaintiff as well as a glimpse of the prior art. The invention relates to power transmission mechanism, particularly to means for operating the parts of a friction clutch and for co-ordinating such operation with the shifting of direct and reverse drive gearing.

It is said that the invention particularly contemplates, although not necessarily limiting it, a transmission mechanism useful in the operation of motor boats or other vehicles. It only provides for one forward speed.

The plaintiff points out in his specifications that in mechanisms of this general character it was "usual to interpose a fric-

tion clutch between the motor and the direct or reverse-drive change gearing in order to avoid imposing the load upon the motor too abruptly. When such a clutch is employed, it is desirable, first to engage the connecting gears, and then to throw in the friction clutch, but this, in most cases, necessitates the employment of independent controllers for shifting the gears and actuating the clutch."

The problem which the plaintiff undertook to meet is explained in his specifications, as follows:

"The principal object of the present invention is to provide a simple and improved arrangement whereby the shifting of the gears for direct or reverse driving and the engagement of the friction clutch elements may be accomplished in properly timed relation by the actuation of a single controlling element.

"It is quite desirable that the steersman of a motor boat or other vehicle have the clutch and change gear mechanism under his direct control, but as his hands may be fully occupied in steering, it is desirable to provide foot actuated means for operating the clutch and reverse gearing. A further object therefore of the present invention is the provision of treadle means of such character as to permit of the proper actuation of the clutch and gear shifting means by the feet of the operator and with a minimum of conscious effort on his part."

Without going into all the intricacies of the mechanism, it may be sufficient to state that the device includes a driving shaft (3), an intermediate shaft (8) and a propeller or transmission shaft (18). Upon the shaft (8) is mounted a sleeve (42) so arranged as to permit longitudinal movement of the sleeve upon the shaft. It is externally screw threaded and engages an internally threaded nut member. This nut is turned upon the sleeve by treadles operating through a series of gears, and when the nut is turned in one direction it moves the sleeves longitudinally along the shaft toward the drive shaft (3), and the one operation, through somewhat elaborate mechanical means, engages transmission gears which actuate the transmission or propeller shaft and then brings in contact the clutch elements. If the nut is turned in another direction, the sleeve moves longitudinally away from the drive shaft, thereby throwing into gear mechanism which turns the propeller or transmission shaft in the op-

posite direction and bringing the clutch elements in contact.

If the device is operated by pressing down the right-hand pedal, the clutch functions and rotary motion is imparted to the shaft which gives a forward speed. If the left-hand pedal is depressed, the clutch functions, and the motion imparted gives the reverse speed. As one pedal is depressed, the other pedal automatically rises. By this device plaintiff accomplished his purpose of providing foot-actuated means for operating both the clutch and the transmission gears.

Of the four claims said to be infringed, the thirteenth and eighteenth sufficiently illustrate the patented device. They are as follows:

"13. A transmission mechanism having three aligned shafts, clutch means for connecting two of said shafts, means for directly or reversely connecting the third shaft with one of said first named shafts, said means comprising a pair of alternatively operable and longitudinally shiftable clutch elements, a rotatable nut, and connections between said nut and said shiftable elements whereby upon rotation of said nut in one direction said shafts are directly connected and upon rotation of the nut in the opposite direction the shafts are reversely rotated."

"18. A power transmission mechanism comprising engageable clutch elements, gears for direct and reverse driving, a pair of treadles, and intermediate connections so constructed and arranged that upon depression of one of said treadles the direct drive gear and the clutch elements are successively made operative to transmit power, and upon depression of the other treadle the reverse drive gear and the clutch elements are successively made operative to transmit power."

All of these claims include the rotatable nut which moves the shiftable elements, and the seventeenth and eighteenth claims describe more in detail the treadles by which this rotatable nut is turned. It is by means of these elements, that the patentee succeeded in solving his problem of operating in one movement both the transmission gears and the friction clutch.

The defendant's device (Exhibit A) does not comprise either of these elements. The clutch is operated by a pedal which releases rather than engages it. The transmission gears are operated by a control lever; in other words, in the defendant's

device two separate and distinct means are necessary in order to apply the power of the engine to the driving mechanism. Defendant's machine does not meet the problem to which the plaintiff's invention admittedly was addressed. Nor can it be said that in Exhibit A the defendant adopted the means shown in plaintiff's patent for either shifting the gears or operating the clutch. Defendant's device has no element corresponding to plaintiff's revolving nut, by which the patentee was able to provide for a single foot-actuated control for operating both clutch and gear shifting mechanism.

It is easily demonstrable that a device made according to the teachings of the patent could be used only in a motor boat, or vehicle which has only one forward speed and one reverse speed. It could not be adapted for use in an automobile which has more than one speed forward. In the defendant's transmission there is an element, not found in plaintiff's device, which is introduced in order to provide for second and third forward speeds. This element, called the "synchronizing mechanism," comprises a sliding gear clutch and engaging friction cones. No power is transmitted through this clutch. The succession is from clutch to gears and not from gears to clutch, as in plaintiff's patented device. Its sole purpose is to bring the revolving gears to substantially the same speed before they are meshed, thereby giving an easy and noiseless shifting of gears from the second to the third speeds. Before the teeth of the gears actually engage, the clutch is disengaged.

The clutch and the gears in this synchronizing element are actuated by the same control lever. In Exhibit D this element differs from that in Exhibit A only in that the shaft upon which the mechanism moves has a helical splineway in which the second and third speed clutch gears ride. It is plaintiff's contention that the slight rotary motion imparted to this helical splineway brings defendant's synchronizing mechanism within the range of equivalents for the screw threaded nut of the plaintiff's patent.

■ While, on a motion to dismiss, the plaintiff must be conceded full range of equivalents, it is quite obvious that Exhibit D, with its helical splineway, cannot be treated as an equivalent for the rotatable nut since it performs an entirely different function. The purpose of rotating the nut in plaintiff's patented device is to move the mechanism forward and back on the shaft, whereas, in defendant's synchronizing mechanism it performs an entirely different function. The helical splineway is made necessary by the use of externally helical teeth in the gears which are to be engaged. It is no part of its function to slide mechanism along the shaft. On the contrary, it is moved by the same control lever that moves the other transmission mechanism.

■ Plaintiff has argued that this patent, for the first time, discloses the synchro-mesh transmission. If the claims of the patent can be said to cover such transmission, I would be obliged to assume that the plaintiff was the inventor. I am unable, however, to find anything in the claims which furnish any basis for plaintiff's contention.

According to Webster's New International Dictionary, "synchronized shifting" is defined in motor vehicles as "changing from one speed gear to another through a transmission employing a device, usually friction, by which both gears are brought to the same speed before the shift can be made."

In plaintiff's patented device there is no changing from one gear to another since it has and can have only one speed forward.

Plaintiff has complained that the pleadings, which I assume include specifications, do not enable the court to deal with the operation of defendant's transmission, especially its synchronizing mechanism. I have no doubt that expert testimony might be helpful to show operation of the devices, but from the actual operation of Exhibit A I have had no difficulty in acquiring sufficient knowledge respecting the operation to know that two operations are necessary in defendant's device and that the clutch and gears in defendant's synchonizing mechanism, including Exhibit D, perform functions which are not and cannot be performed in the plaintiff's patented transmission.

In view of the foregoing, I am persuaded that this suit may be properly disposed of on defendant's motion to dismiss. It has been held on good authority that if the court is able, from a mere comparison of the patented device with the alleged infringing device, to comprehend what the invention describes, and from such comparison to determine whether the alleged

infringing device does, or does not, infringe, the question of infringement becomes one of law. Singer Mfg. Co. v. Cramer, 192 U.S. 265, 275, 24 S.Ct. 291, 48 L. Ed. 437.

I am unable to see how the plaintiff's case can be improved by testimony respecting the utility, novelty, or commercial success of the patented device. Nor can any exposition of the prior art by experts lead to any conclusion other than that the defendant's device does not infringe. Cf. Bronk v. Charles H. Scott Co. (C.C.A.) 211 F. 338.

There is in this district precedent for allowing a motion to dismiss upon the admitted facts of the case. Densmore v. Jackson Electric Co.[1]

A decree may be entered dismissing the plaintiff's bill of complaint.

---

[1] No opinion for publication.