**WEIL et al. v. N. J. RICHMAN CO., Inc.**

District Court, S. D. New York.

May 28, 1940.

Charles Sonnenreich, of New York City, for plaintiffs.

Howard P. King, of New York City, for defendant.

CONGER, District Judge.

This is an action for an injunction restraining the defendant from manufacturing and selling tablecloths, the design of which, it is alleged, infringes a design letters patent issued to one John S. Madson, and assigned to plaintiffs.

The defendant's notice of motion recites that it is moving herein pursuant to Rule 12(b), F.R.C.P., 28 U.S.C.A. following section 723c, on the ground that plaintiffs have failed to state a claim upon which relief can be granted. I am satisfied that defendant's motion is really for summary judgment, under Rule 56(b), F.R.C.P. As a matter of fact, on the argument before me, it was stipulated by the attorneys for the parties that it might be so considered.

The defendant has not answered, but makes this application upon affidavits. There has been submitted to me various exhibits; in addition thereto, on the argument there was shown, in court, plaintiff's and defendant's tablecloths.

In deciding this motion, I am asked to pass on the validity of the patent issued, as well as the infringement.

While it is true, in some cases, where it definitely appears that there is no infringement, the Courts have determined the issues on affidavits and dismissed the bill (Chase et al. v. Reliable Manufacturing Co., D.C., 58 F.2d 676; Petersen v. General Seafoods Corporation, 1 Cir., 66 F.2d 459, 460; Bradt v. Kelsey-Hayes Wheel Corp.,

D.C., 14 F.Supp. 709; Ceasar v. Joseph Pernick Co., D.C., 1 F.Supp. 290), nevertheless, in a case where there appears to be an infringement, the court should not pass on the question of prior art in the validity of the patent, without giving the plaintiff an opportunity to establish his proof at trial. Frank v. Western Electric Co., 2 Cir., 24 F.2d 642; Dubilier Condenser Corp. v. New York Coil Co., 2 Cir., 20 F.2d 723; Jacob Elishewitz & Sons Co., Inc. v. Bronston Bros. & Co., Inc., 2 Cir., 40 F.2d 434; Refractolite Corporation v. Prismo Holding Corporation, D.C., 25 F.Supp. 965; Oltarsh v. Goodyear Fabrics Corp., D.C., 30 F.Supp. 265; New York Belting Co. v. New Jersey Rubber Co., 137 U.S. 445, at page 450, 11 S.Ct. 193, 34 L.Ed. 741.

I agree with the attorney for the defendant that if it should appear to me, from the affidavits and exhibits, that it is apparent that there is no infringement, then I should dispose of the matter in this proceeding. I am unable to so find, however. I believe there is a very grave question as to whether or not there is an infringement. That being so, the question should be decided by the trial court, and the plaintiffs should have the opportunity of proving their contention on the question of infringement. Also, there will necessarily have to be decided the question of the validity of the patent.

The various facts affecting patentability cannot adequately be dealt with except after proof at the final hearing. Jacob Elishewitz & Sons Co., Inc. v. Bronston Bros. Co., Inc., supra.

Motion denied. Settle order on notice.