## HIRSCH v. SCOPARINO et al.
### Civ. A. No. 9162.

United States District Court
E. D. New York.
April 4, 1950.

Irving Berkelhammer, New York City, for plaintiff.

Henry L. Burkitt, New York City, for defendants.

KENNEDY, District Judge.

This is a motion for summary judgment.

The complaint (in two counts) charges the defendants with infringement of two patents embodying improvements in the making of a doll, and also with unfair competition in respect of the same product. I consider myself bound by a prior decision in the case filed by Chief Judge Inch sustaining the unfair competition count and holding that this claim is, to quote defendants' brief: "one and the same thing as the patent action, under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148."

The motion for summary judgment is based on the contention that a mere visual examination of the accused product, coupled with analysis of the patents, is enough to warrant a finding and conclusion that the patents are not infringed. There is no occasion for me to discuss generally the question whether the summary judgment rule, Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A., is or is not appropriate in patent cases. The matter has been dealt with before, Weil v. N. J. Richman Co., D.C.S.D.N.Y., 1940, 34 F.Supp. 401; E. W. Bliss Co. v. Cold Metal Process Co., D.C. N.D.Ohio, 142, 47 F.Supp. 897; Millburn Mills, Inc., v. Meister, D.C.S.D.N.Y., 1940, 4 Fed.Rules Service 741; Brown v. Ford Motor Co., D.C.E.D.Mich., 1944, 57 F.Supp. 825; Avrick v. Rockmont Envelope Co., 10 Cir., 1946, 155 F.2d 568; Steigleder v. Eberhard Faber Pencil Co., D.C., 81 F.Supp. 143; Vulcan Corp. v. International Shoe Machine Corp., D.C.Mass., 1946, 68 F.Supp. 990, affirmed 1 Cir., 158 F.2d 520, certiorari denied 330 U.S. 825, 67 S.Ct. 868, 91 L.Ed. 1275. Plaintiff in this case seems to have been reluctant to proceed to trial, and defendants' argument that there is no possibility of infringement comes close to being persuasive. However, I cannot say that there is lacking a substantial issue because, under the prior ruling of the Chief Judge, jurisdiction to determine the unfair competition claim will survive the disposition of the claim asserted under the letters patent. That being so, it seems clear that any effort to save time by disposing of the infringement issue would be a mistake, cf. Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787.

While I feel that I must deny the motion, I suggest to counsel for the plaintiff that the case should be promptly tried.